**Victor WILSON, Inmate # 270553,**

v.

**Richard HEALY, Officer, Employed by the Howell Township Police Department; Steven Dreher, Officer, Employed by the Howell Township Police**

Department; Michael (Mike) Campbell, Investigator Sergeant, of Monmouth's County Prosecutor's Office; John Kaye, Prosecutor, of Monmouth County; Alton D. Kenney, First Assistant Prosecutor of Monmouth County; Richard Incremona, Assistant Prosecutor of Monmouth County; John Does 1–20; Howell Township; Howell Township Police Department; Monmouth County Prosecutor's Office Victor Wilson Appellant.

No. 02–1862.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 4, 2003.

Decided March 26, 2003.

Before ROTH, BARRY, and FUENTES, Circuit Judges.

OPINION

BARRY, Circuit Judge.

Appellant Victor Wilson brought suit under 42 U.S.C. § 1983 against the Township of Howell, the Howell Township Police Department, two of its police officers, the Monmouth County Prosecutor's Office, three of its prosecutors and one investigative sergeant, and other unnamed defendants, alleging violations of his rights under the Fourth Amendment.[1] This is an appeal of the District Court's grant of summary judgment in favor of defendants. We have jurisdiction under 28 U.S.C. § 1291, and will affirm.

I.

Because we write only for the parties, we will recite only those facts necessary to reach our decision.

On February 18, 1994, two Howell Township police officers, Richard Healy and Steven Dreher, stopped and searched Wilson's vehicle on Route 9 in Howell Township, New Jersey. They discovered what appeared to be valuable stereo equipment in the car. Wilson was arrested for driving while his license was suspended, and was then taken into custody and charged with possession of stolen property, in violation of N.J. Stat. Ann. 2C:20–7. He was indicted and tried before a jury by the Monmouth County Prosecutor's Office. On March 6, 1997, Wilson was acquitted.

Wilson filed a sixteen-count *pro se* complaint, which was received on March 8, 1999, but not actually filed until November 8, 1999.[2] Although granting his motion to proceed *in forma pauperis*, the District Court *sua sponte* dismissed his claims for illegal search and seizure, false arrest, false imprisonment, abuse of process, and intentional infliction of emotional distress against all defendants as time-barred, and dismissed all claims against the Howell Township Police Department, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[3] The Court appointed Wilson's present counsel to represent him.

On August 17, 2001, the Township of Howell, Healy and Dreher ("the Howell defendants") moved for summary judgment on Wilson's remaining claims against

---

1. The District Court properly noted that although Wilson's complaint references the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments, the gravamen is his Fourth Amendment claim based on the police officers' conduct at the time of his stop and arrest and his malicious prosecution claim.

2. The Howell defendants have assumed that Wilson's complaint was filed on March 8, 1999 for purposes of the statute of limitations.

3. The claims that the District Court permitted to proceed were: (1) Howell Township's poli-

cy or practice of failing to adequately train police officers and covering-up their unconstitutional activities—in Counts V and XIV; (2) the conspiratorial policies of Howell Township and the Monmouth County Prosecutor's Office of selectively stopping, detaining, searching, arresting, and prosecuting individuals on the basis of race under 42 U.S.C. §§ 1983 and 2000d et seq.—Counts VI through X; and (3) malicious prosecution by the Monmouth defendants—Counts XV and XVI. The allegations in Counts V through X and XIV can be considered together as an alleged conspiracy to violate civil rights.

them, *i.e.* Counts V through VIII and XIV, which alleged a policy or practice of violating, or a conspiracy to violate, civil rights. The four individual defendants from the Monmouth Prosecutor's Office ("the Monmouth defendants") also moved for summary judgment on Wilson's remaining claims against them, *i.e.* Counts IX, X, XV, and XVI, which alleged a conspiracy to violate civil rights and malicious prosecution. On September 10, Wilson cross-moved to amend his complaint to add allegations of malicious prosecution against Healy, Dreher and the Township of Howell. On February 22, 2002, the District Court granted the motions for summary judgment and denied Wilson's cross-motion. This appeal followed.

## II.

We exercise plenary review of the District Court's grant of summary judgment. *Smathers v. Multi–Tool, Inc./Multi–Plastics, Inc.*, 298 F.3d 191, 194 (3d Cir.2002).

■ The District Court found that Wilson's § 1983 claim against the Howell defendants based on his stop, search and arrest allegedly in violation of the Fourth Amendment was barred by the two-year statute of limitations. It further found that Wilson had not stated a cause of action for malicious prosecution against the Howell defendants because he did not allege an unconstitutional deprivation of liberty.

In order to recover under § 1983 against the Township of Howell, Wilson would have had to show that an official policy or practice of the Township resulted in an unconstitutional stop, arrest, use of force, and detention perpetrated by Healy and Dreher. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The statute of limitations for Wilson's § 1983 claim against the Howell defendants based on Healy and

Dreher's actions began to run on February 18, 1994 and, as found by the District Court, is two years, pursuant to N.J. STAT. ANN. 2A14–2. *See Cito v. Bridgewater Township Police Dep't,* 892 F.2d 23, 25 (3d Cir.1989). Consequently, Wilson's claims against the Howell defendants in Counts V through VIII and XIV had long expired when his complaint was received on March 8, 1999, and the District Court properly dismissed them as time-barred.

The District Court also properly found that Wilson had not stated a cause of action for malicious prosecution against the Howell defendants. The only allegations of malicious prosecution in the complaint were raised against the Monmouth defendants in Counts XV and XVI; the allegations against the Howell defendants were based solely on the allegedly illegal stop, arrest, and questioning of Wilson in Counts V through VIII and XIV.

■ Wilson argues, however, that we may not reach the issue of whether he alleged malicious prosecution against the Howell defendants unless and until we consider his motion to amend his complaint, which the District Court denied as futile. Wilson, of course, had no right to amend his complaint at the summary judgment stage of litigation. More importantly, the Court convincingly found that the record was bereft of evidence of a deprivation of liberty that could constitute the basis for a malicious prosecution claim against the Howell defendants, and thoroughly discussed our decisions in *Donahue v. Gavin,* 280 F.3d 371 (3d Cir.2002) and *Torres v. McLaughlin,* 163 F.3d 169 (3d Cir.1998). Given this lack of evidence, any amendment of the complaint would certainly have been futile. Parenthetically, Wilson's contention that he is currently imprisoned on the criminal charge at issue in this appeal is belied by the record, for

he was acquitted of that charge on March 6, 1997, over two years, we note, before he filed his complaint.

▮ Wilson asks us, in the alternative, to infer that unnamed defendants "Larry Loes," against whom he alleged malicious prosecution in Counts XV and XVI, include Healy and Dreher. Since Wilson referred to Healy and Dreher by name throughout his complaint, it would be unreasonable to now infer that they were also unnamed defendants all along. Additionally, the designation "Larry Loes" consistently appears alongside the Monmouth defendants, while unknown fellow officers of Healy and Dreher are consistently designated as "John Does" and "Richard Roes." Therefore, the only reasonable inference is that "Larry Loes" refers to unnamed prosecutors. Because the complaint does not allege malicious prosecution by the Howell defendants, the District Court properly granted summary judgment in their favor.

The District Court also held that Wilson had not stated a claim under § 1983 against the Monmouth defendants for malicious prosecution or for conspiracy with the arresting officers to violate his civil rights. In order to state a claim under § 1983 for malicious prosecution under the Fourth Amendment, a plaintiff must show an absence of probable cause for the initial complaint and that the defendant was motivated by malice. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1197 (3d Cir. 1993).

▮ The Monmouth defendants had probable cause to initiate criminal proceedings against Wilson. The police report stated that Wilson admitted that the stereo equipment in the back of his truck was stolen property and volunteered to cooperate with prosecutors as to other unsolved burglaries. Healy testified consistent with this report during the grand jury proceedings. The fact that Healy did not complete his report until the day after Wilson's arrest, and the fact that a prosecutor instructed Healy to charge Wilson with receiving stolen property on the night of the arrest, would not permit a reasonable juror to infer that the Monmouth defendants were motivated by malice. In sum, Wilson's contention that the arresting officers fabricated the story in conspiracy with the Monmouth defendants has no basis in fact, and the District Court properly granted summary judgment to the Monmouth defendants on Wilson's claims of malicious prosecution and conspiracy to violate his civil rights.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.